UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20563-CR-MIDDLEBROOKS/GARBER

UNITED STATES OF AMERICA,

v.

LEANDRO DARIO ROBLES LOOR,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court conducted a change of plea hearing on September 14, 2016 which was attended by the defendant Leandro Dario Robles Loor, his attorney, David Howard, and Assistant United States Attorney Rilwan Adeduntan. The Court hereby advises as follows:

    1. During the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to Count 1 of the Indictment to which he was entering a guilty plea. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant entered a plea of guilty to Count 1 of the Indictment, charging that, on the date alleged in the Indictment, and on a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district at which the defendant entered the United States, the defendant and his co-defendants did knowingly and wilfully combine, conspire, confederate, and agree with each other and others unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 46, United States Code, Section § 70503(a), all in violation of Title 46, United States Code, Section § 70506(b). The controlled substance was five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

7. The defendant was advised that the charge to which he was pleading guilty, carried a mandatory minimum sentence of ten (10) years' imprisonment and up to life imprisonment and a monetary fine of up to $10,000,000.00. The defendant was also advised that he would, upon completion of his term of imprisonment, be subjected to a term of supervised release for a period of five (5) years and up to life and that he is also subject to forfeiture of properties as set forth in the Indictment. By his plea of guilty, the defendant waives his right to contest such forfeiture.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

9. The defendant was, upon recommendation of the government, remanded into custody pending imposition of sentence. The defendant and his counsel shall meet with a probation officer for the preparation of a Pre-Sentence Report.

**Sentencing is scheduled for Tuesday, November 15, 2016 at 2:30 P.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Miami, Florida 33132.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea to Count 1 of the Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing as set forth above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. *See* 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 22nd day of September 2016.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE